AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2020

SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| MONICA PESINA | ) Case No. 2:20-CR-00005-SMJ-1 |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☑ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☑ History of alcohol or substance abuse
☑ Lack of stable employment
☑ Lack of stable residence
☐ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Please see attached.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/18/2020                                               /s Mary K. Dimke
                                                          United States Magistrate Judge

Defendant has two active federal cases - the instant case in which she is charged with possession with intent to distribute methamphetamine, heroin and fentanyl, and related Case No. 4:19-CR-06063-SMJ-1, in which she is charged with possession with intent to distribute methamphetamine and heroin, and in which she was ordered detained pending trial by this Court (ECF No. 48) and by the District Court on appeal (ECF No. 77). The Court notes that the instant charges were anticipated at the time the Court heard argument in Defendant's first case and the allegations underlying the charges were discussed in part then; the Court incorporates those findings to the extent they remain accurate and relevant.

The allegations against Defendant and her co-Defendant are serious. The United States proffered that Defendant was involved in a series of incidents with law enforcement beginning in June 2019, when she was stopped in a vehicle with her co-Defendant. It was proffered that a firearm was located on her co-Defendant and that $27,000 cash, a substantial amount of methamphetamine and heroin, and drug trafficking related items including a digital scale and ziploc bags were located in the vehicle and seized. In September 2019, it was proffered that, pursuant to a search warrant, law enforcement searched Defendant's residence and located additional indicia of drug trafficking, including substantial amounts of methamphetamine, fentanyl-laced pills, heroin, and marijuana, and multiple firearms. The United States proffered that Defendant, having knowledge of her escalating contacts with law enforcement and having (purportedly) been informed by an informant that an arrest warrant had been issued for her, fled to a friend's residence in Dixie, Washington with her co-Defendant to evade law enforcement. While there is some question as to when exactly Defendant left the Tri-Cities area, it was proffered that Defendant contacted her children's aunt to arrange for her to take care of the children (currently residing with Defendant's friend who testified she could not drive them all to school without Defendant's help), suggesting that she was planning to leave the area for a substantial period of time. Moreover, at the hearing, Defendant's friend, who watched her children for the month of October 2019, testified that she last saw Defendant in the Tri-Cities area the weekend of October 25-27, 2019. On November 7, 2019, eleven days later, Defendant and her co-Defendant were located at the Dixie residence and were arrested. It was proffered that a search of the Dixie residence revealed two firearms, a substantial amount of narcotics, a scale, cell phones, and other indicia of drug trafficking.

These allegations are troubling for several reasons. First, the combination of substantial amounts of narcotics and firearms, after several interventions and seizures of such by law enforcement, suggests Defendant can easily facilitate obtaining drugs and/or contraband and is indicative of potential danger to the community if Defendant were to be released. Second, the allegation, supported by circumstantial evidence, that Defendant fled the Tri-Cities area to evade her apprehension by law enforcement is indicative of a risk of nonappearance, particularly in light of the penalties Defendant will now face if convicted of the offenses with which she is charged. The nature and circumstances of the offenses weigh in favor of detention.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. However, based on the details of the United States' proffer, including surveillance of Defendant's residence and evidence seized from the executions of multiple search

warrants, the case has sufficient weight to give the Court concern as to dangerousness and risk of nonappearance.

Turning to her history and characteristics, Defendant is 40 years old and was born in Walla Walla, Washington. She has lived in this District her entire life and has resided in the Tri-Cities area for the past 12 years. She has ties to the community; her mother resides in Walla Walla and one of her siblings resides in Spokane; she has limited contact with them. She has three children, ages 22, 11, and 9, who prior to her arrest, resided with her friend. Defendant's friend testified that during the month of October 2019, Defendant's children resided with her because their former residence was rendered uninhabitable by a break-in. The friend further testified that Defendant helped drive her children to school up to four days per week and spoke with them telephonically daily. She testified that she was not sure where Defendant herself resided during that time or whether Defendant was actively using drugs. The friend testified that Defendant's children have struggled immensely during the time their mother has been in custody. Prior to October 2019, Defendant's children had resided with her somewhat sporadically; at times, they resided with their aunt (including for a period of five years according to the pre-trial services report). Defendant does not have stable employment and reports being self-employed for the past five years. She was evicted from her apartment on November 14, 2019. Defendant struggles with substance abuse; she obtained an assessment and intensive inpatient treatment was recommended. She expressed willingness to engage in treatment and plans to reside in clean and sober housing if granted release.

While the Court agrees that Defendant's substance abuse must be addressed, it finds that it cannot safely grant her release on this record. Defendant's criminal history involves similar controlled substance violations (two prior convictions) and the Court notes that she has stated to family members that she will always be a drug dealer. The instant allegations of Defendant's participation in substantial narcotics trafficking, involving firearms and fentanyl, coupled with her apparent efforts to hide from law enforcement give this Court insufficient assurance that Defendant will abide by any conditions it sets to ensure the safety of the community or her appearance at court proceedings. Defendant's release plan does not allay the Court's concerns, nor are they allayed by Defendant's representations that she needs to be out of custody and present for her children. The Court notes that Defendant physically left her children for at least eleven days while she stayed at the Dixie residence with her co-Defendant.

In sum, the Court finds that Defendant has not submitted sufficient evidence to rebut the presumption of detention in this case and separately finds that the United States has demonstrated by clear and convincing evidence that Defendant poses a risk of danger to the community and by a preponderance of the evidence that she poses a risk of nonappearance if released.