FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONICA PESINA, (01),<br>NICHOLAS SEAN CARTER, (02),<br><br>Defendants. | No.  2:19-cr-00005-SMJ-01<br>        2:19-cr-00005-SMJ-02<br><br>**ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR** *FRANKS* **HEARING** |

On June 3, 2020, the Court heard argument on Defendant Nicholas Sean Carter's (02) Motion and Memorandum Re: Suppression of Evidence, ECF No. 48. Defendant moved to suppress evidence seized on November 7, 2019 from the residence where Defendant Carter and his Co-Defendant, Monica Pesina (01), were arrested. Defendant Carter asserted the warrant to search the residence was invalid due to an omission and two errors in the affidavit submitted in support of the warrant. ECF No. 48 at 2. Defendant Carter also requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155 (1978). Defendant Pesina joined in this motion at oral argument. At the conclusion of the hearing, the Court orally denied the motion, finding Defendants had not shown they were entitled to a *Franks* hearing because

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 1

they had not shown that the identified omission and errors were made intentionally or recklessly or that the omission and errors were material to the probable cause finding. This Order memorializes and supplements the Court's oral ruling.

## BACKGROUND

On November 7, 2019, Defendants were arrested on warrants outside of a residence in Dixie, Washington. ECF No. 48 at 2. After the Defendants were arrested, law enforcement requested a search warrant for the residence, which was issued that evening. ECF No. 48 at 2; ECF No. 48-1 at 8. In support of the application for a search warrant for the residence, Officer Michael B. Bump with the Walla Walla Police Department submitted a Declaration for Search Warrant. ECF No. 48-1 at 9–12.

In the Declaration for Search Warrant, Officer Bump wrote that Defendant Carter and Defendant Pesina had been arrested on a federal warrant for possession with intent to distribute methamphetamine and unlawful possession of firearms as well as information from a confidential informant (CI). *Id.* at 11. The declaration described the CI as someone who "has worked for the Walla Walla Police Department for about two years and had been found to be both creditable and reliable in past investigations." *Id.* The probable cause section recounted information from the informant including that the informant had been inside the residence and had seen "Monica Pesina" and "Nicholas Sean Carter" in the residence along with "what

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 2

[the CI] believed to be one-quarter pound of suspected Methamphetamine, about three ounces of suspected Heroin and multiple handguns and a muzzleloader." *Id.* However, a separate description of the CI's statement reflects that he had seen Monica Pesina and her boyfriend, who the CI knew only by his first name, "Nick," and that the CI listed "approximately one quarter pound of methamphetamine, approximately three ounces of heroin, and multiple firearms" in the house but did not mention seeing a muzzleloader. *Id.* at 2.

Officer Bump's application also described the arrest, stating that Defendant Carter had been found in possession of suspected methamphetamine when arrested and that the occupant of the house, who is also a convicted felon, indicated Defendants had brought large quantities of marijuana into the house to process and that "someone had also brought over more than one muzzle loading rifle and had left it in the residence." *Id.* at 11. The warrant was issued and executed upon the residence. *Id.* at 3.

An indictment was filed against Defendants Carter and Pesina on January 22, 2020. ECF No. 1. Defendants Carter and Pesina were charged with three counts of possession with intent to distribute a controlled substance, specifically (1) 50 kilograms or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2, (2) heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2, and (3) a mixture or substance containing Fentanyl in

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 3

violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. ECF No. 1. Defendant Carter is also charged with one count of being a felon in possession of two firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *Id.*

## LEGAL STANDARD

The Fourth Amendment permits a defendant to challenge the validity of a warrant only if the "defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155 (1978). For the Court to hold a *Franks* hearing, a defendant must meet both the state of mind and materiality elements. *Id.* "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.* at 171.

If the defendant can make this preliminary showing, then the Court should hold a *Franks* hearing to determine if the evidence seized in executing the warrant should be suppressed. *See Franks*, 438 U.S. at 155. "[S]uppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926 (1984).

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 4

# DISCUSSION

Defendants argued they were entitled to a *Franks* hearing because the affidavit for the warrant contained one omission and two errors: the affidavit failed to (1) thoroughly explain how the CI was reliable, (2) failed to specify that the CI only knew defendant Carter as "Nick," Defendant Pesina's boyfriend, and (3) falsely indicated the CI said he had seen a "muzzleloader" in the house. ECF No. 48 at 4.

**A.  Defendants have not shown the statements were made intentionally or recklessly**

A defendant must "demonstrate some intentional or reckless falsity, at a minimum, before a further inquiry is required." *United States v. Ruddell*, 71 F.3d 331, 334 (9th Cir. 1995) (citing *Franks*, 438 U.S. at 171–72). The Ninth Circuit "does not require clear proof of deliberate or reckless omissions or misrepresentations." *United States v. Gonzalez*, Inc., 412 F.3d 1102, 1111 (9th Cir. 2005). However, "a defendant cannot make the requisite substantial showing merely by demonstrating that the agent made a false statement in an affidavit when the truth was known to others and readily available to the agent." *United States v. Luong*, 266 F. App'x 630, 632 (9th Cir. 2008). Further, allegations of "negligence or innocent mistake are insufficient" to qualify for an evidentiary hearing. *Franks*, 438 U.S. at 171.

Defendants have not alleged the errors or omission were made intentionally or recklessly but point to the inconsistencies between the two versions of the CI's statements and the omission of further detail regarding the CI's reliability as evidence of intent or recklessness.[1] ECF No. 48 at 3–4. Even if the Court were to accept as true both that (1) the CI's statement as reported in the Report of Investigation and determines that the inconsistent facts in the Declaration for Search Warrant are errors, and (2) the failure to provide further detail about the CI's reliability was an "omission," this is not sufficient to show intent or recklessness. *See Luong*, 266 F. App'x at 632 (affirming denial of *Franks* hearing where defendant demonstrated false statements in affidavit and that truth was known to others and readily available to the agent).

These inconsistencies and failure to provide additional detail lend some support to Defendants argument but are insufficient to make the substantial showing required for a *Franks* hearing. *Id.* (noting that evidence of recklessness that was "not conclusive proof" was to be weighed that evidence with all other relevant circumstances). When the warrant was requested, the officer knew Defendants had

---

[1] At the hearing, Defendant Pesina argued that Officer Bump also failed to inform the judge that neither Defendant Pesina nor Defendant Carter owned the house. However, the Declaration for Search Warrant identifies the house to be searched as belonging to Todd & Kim Scott and occupied by James Patrick Matthews. ECF No. 48-1 at 9. The Court finds that the application for the warrant did not contain any error or omission as to whether either of the Defendants owned the residence.

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 6

been arrested together, and both are referred to consistently in the probable cause section by their full names. As to the muzzle loader, it appears the officer conflated information from the CI with information provided by the home's occupant. As such, these do not amount to a substantial showing of recklessness.

**B.    Defendants have not shown the errors or omission were material to probable cause**

"[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171–72. With regards to the reliability of a confidential informant, "[w]hen a defendant challenges the validity of a warrant by questioning the reliability of a confidential informant," the Court may conduct an *ex parte*, *in camera* hearing to determine whether the defendant "has made a 'threshold substantial showing of falsehood.'" *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000) (quoting *United States v. Kiser*, 716 F.2d 1268, 1270–71 (9th Cir. 1983)). However, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000).

Defendants makes no argument that the CI made false statements. The only argument in relation to the informant is that the "affidavit uses conclusionary

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 7

language as to the reliability of the CI." ECF No. 48 at 4. In the affidavit, the declarant states "[t]his informant has worked for the Walla Walla Police Department for about two years and has been found to be both creditable and reliable in past investigations." ECF No. 48-1 at 11. Defendant does not present any evidence that the allegedly conclusionary language was incorrect or that the information provided by the informant was false. Thus, Defendants have not alleged that the CI was either not credible or not reliable, and as such, the Court finds no *ex parte* hearing is necessary.

Moreover, the judge who signed the warrant knew the exact language that was being used to support the CI's reliability and could have requested additional information had she believed the "conclusory language" was insufficient to rely on the CI's statements. *See Leon*, 468 U.S. at 914 ("Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference to a magistrate's determination.'" (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1069))).

As to whether the two errors negate probable cause, the Court finds they do not. Excluding the incorrect information as to (1) the implication that the CI knew Defendant Carter's full name and (2) that the CI had seen muzzleloaders in the residence, there would still be probable cause to support the warrant. First, the

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 8

affidavit states Defendant Carter and Co-Defendant Pesina were arrested based on federal warrants for possession with intent to distribute methamphetamine and unlawful possession of firearms, and that during the arrest Defendant Carter was found to have two pouches of suspected methamphetamine in his pocket. ECF No. 48-1 at 11. Second, omitting the incorrect information, the CI stated that within the last three days he had seen Defendant Pesina in the residence and had also seen what the informant believed to be one-quarter pound of suspected methamphetamine, about three ounces of suspected heroin and multiple firearms. *Id.* The occupant of the residence was "asked if there were any drugs in the residence and he hesitated and said, he hadn't seen [the Defendants] with any drugs, but then said they brought over a large quantity of Marijuana to process. [The occupant] then added, someone had also brought over more than one muzzle loading rifle and had left it in the residence." *Id.* Finally, the warrant noted that the occupant, Defendant Carter, and Defendant Pesina are each convicted felons and prohibited from possessing firearms. *Id.* This is sufficient to support probable cause for a warrant to search the residence and the motion must be denied.

## CONCLUSION

Defendants have not shown they are entitled to a *Franks* hearing because they have not shown that the errors and omission were made intentionally or recklessly or that they were material to the probable cause finding.

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 9

Accordingly, **IT IS HEREBY ORDERED**:

 1. Defendant Pesina's (01) oral notice of joinder in Defendant Carter's Motion and Memorandum Re: Suppression of Evidence, ECF No. 48, is **GRANTED**.

 2. Defendant Carter's (02) Motion and Memorandum Re: Suppression of Evidence, **ECF No. 48**, is **DENIED** as to both Defendants.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 11th day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING – 10